Filed 9/9/24  P. v. Scrase CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUDITH SCRASE,<br><br>    Defendant and Appellant. | H051006<br>(Santa Clara County<br> Super. Ct. No. CC104540) |

**THE COURT**[1]

Defendant Judith Scrase appeals an order denying a motion to vacate her conviction filed pursuant to Penal Code section 1473.7.[2]  The trial court denied the motion as repetitive.  On appeal, counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and Scrase filed a supplemental brief.  Having reviewed Scrase's supplemental brief, we conclude that Scrase has failed to raise an arguable issue on appeal and affirm the order.

### I. PROCEDURAL BACKGROUND[3]

In 2002 Scrase pleaded guilty and was convicted of two counts of forgery and recording a counterfeit or forged abstract of judgment.  (§§ 115, 470(b), 664/487(a).)  In 2022 Scrase filed two nearly identical motions in the Superior Court to vacate the

---

[1] Before Greenwood, P. J., Grover, J. and Danner, J.

[2] All statutory references are to the Penal Code.

[3] The underlying facts are not relevant to the issue raised on appeal.

judgment pursuant to section 1473.7. The court denied the motions. Scrase timely appealed, but abandoned the appeal shortly thereafter.

One month after abandoning her appeal, Scrase filed another motion in the trial court entitled "motion to re-file request to vacate a judgement [*sic*] and to appoint legal representation." In the motion, Scrase denied engaging in the activities constituting the conviction offenses, and attached over 400 pages of exhibits. On March 13, 2023, the trial court denied the motion ex parte without appointing counsel or conducting a hearing. The court found that Scrase had failed to explain how her current motion differed from the one denied by the trial court on August 18, 2022. On April 7, 2023, Scrase filed a timely notice of appeal.

On appeal, counsel filed an opening brief pursuant to *Delgadillo, supra*, 14 Cal.4th at pages 231-232. We notified Scrase that she could file a supplemental brief on her own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Scrase filed a timely supplemental brief.

## II. DISCUSSION

In her supplemental brief, relying on evidence from the original prosecution, Scrase denies committing the offenses to which she pleaded guilty in 2002. The supplemental brief fails to raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

The trial court denied Scrase's motion as repetitive. In the supplemental brief, Scrase neither explains how her second motion differed from her first, nor does she argue that the trial court erred in denying her motion as repetitive. Instead, she contends she is innocent of the charges.

Even if the renewed motion differed from the original motions filed in 2022, she has failed to explain why she is entitled to relief under section 1473.7. Section 1473.7

2

permits a person who is no longer in criminal custody to move to vacate a conviction or sentence on several grounds. A person may argue that the conviction is legally invalid due to the moving party's failure to appreciate adverse immigration consequences, that newly discovered evidence of actual innocence exists, or that the conviction was sought, obtained, or imposed on the basis of race, ethnicity, or national origin. (§ 1473.7, subd. (a).)

As in her motion below, Scrase's supplemental brief fails to identify a valid ground for relief pursuant to section 1473.7.[4] The evidence she references in the motion does not appear to be newly discovered evidence of actual innocence. (§1473.7, subd. (a)(2).) Instead, she references the preliminary hearing, reports submitted prior to her conviction and other facts that predate her conviction. These documents and facts were available to her prior to her plea, so cannot be considered newly discovered. (*People v. Perez* (2020) 47 Cal.App.5th 994, 999 [police reports and preliminary hearing transcript known to exist prior to defendant's convictions not newly discovered evidence].) Because Scrase provided no newly discovered evidence entitling her to relief under section 1473.7, she cannot raise an arguable issue on appeal regarding the trial court's order denying the motion.

The 2002 judgment entered after she pleaded guilty is long final. Issues related to that judgment, including her claims of innocence, prosecutorial misconduct and ineffective assistance of counsel prior to her plea are not arguable in this appeal from an order denying a motion to vacate judgement under section 1473.7.

Scrase having failed to raise an arguable issue in her supplemental brief, we must affirm the trial court's order. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503-504.)

### III. DISPOSITION

The order denying the renewed motion to vacate judgment is affirmed.

---

[4] Neither immigration consequences, nor race, ethnicity or national origin appear to be raised as an issue in this case. (§ 1473.7, subds. (a)(1) & (a)(3).)